IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |
|---|---|
| MOHAMED M. YAHYA, INMATE #114240, an individual;<br>        Plaintiff,<br><br>v.<br><br>MAXEY CERLIANO, CHUCK WILLEFORD, DOUG MORGAN, FLOYD WINGO, JEFF CALLAWAY, and DEPUTY RUSSELL, individually and in their official capacity, and GREGG COUNTY , a county entity and political subdivision of the State of Texas;<br><br>UNITED STATES MARSHALL SERVICE, UNITED STATES DEPARTMENT OF JUSTICE, a Federal Agency and political subdivision of the US Federal Government;<br>        Defendants. | No.  6:15-cv-00220-MHS-KNM<br><br>RESPONSE TO MOTION TO DISMISS |

RESPONSE TO MOTION TO DISMISS

I.  Response to the Motion to Dismiss Official Capacity Claims Under 42 U.S.C. §1983

      Plaintiff's Amended Complaint alleged violation of 42 U.S.C. §1983 by Gregg County, a county entity and political subdivision of the State of Texas, along with Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway, and Deputy Russell ("Gregg County Officials") in their individual and official capacity. The Fifth Circuit has stated that allegations against municipal officers in their official capacity can be dismissed if they have also been made against the respective county, so not to "duplicate claims against the respective governmental entities themselves."[1] Therefore, while Plaintiff maintains its 42 U.S.C. §1983 allegations against

---

[1] *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).
RESPONSE TO MOTION TO DISMISS

Gregg County and the Gregg County Officials in their individual capacity, Plaintiff concedes dismissal of allegations against the named county officials in their official capacity.

II. Response to the Motion to Dismiss Claims Against Gregg County and the Official Capacity Claims Under 42 U.S.C. §2000cc-1

Opposing Counsel cites *Sossamon v. Texas* to dismiss Plaintiff's claims against the Gregg County Officials, where the Supreme Court held that states cannot be sued for monetary damages under the Religious Land Use and Institutionalized Persons Act (RLUIPA) for sovereign immunity reasons.[2] Granted *Sossamon* applies to monetary claims against *states*; here, the Plaintiff has alleged RLUIPA violations against a *municipality*, Gregg County, and *its officials*, Gregg County Officials. Additionally, Plaintiff has asked for both monetary *and equitable* relief. Therefore, *Sossamon* is inapplicable and, further, it is irrelevant as it does not address claims brought against municipalities for both monetary and equitable relief.

While the Supreme Court has ruled that states, by accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages, this suit is not against a state. Moreover, the Supreme Court, in *Northern Ins. Co. v. Chatham County*, held that a municipality's status as a county [is] insufficient to qualify it for state sovereign immunity."[3] In other words, Eleventh Amendment immunity from private suits is not available to Gregg County and dismissal is unwarranted.[4]

In acknowledging that duplicative claims should be avoided, Plaintiff concedes dismissal of allegations against the Gregg County Officials in their official capacity, while maintaining

---

[2] *Sossamon v. Texas*, 131 S.Ct. 1651, 1663 (2011).
[3] *Northern Ins. Co. v. Chatham County*, 547 U.S. 189, 193-94, 126 S. Ct. 1689, 164 L. Ed. 2d 367 (2005).
[4] *Northern Ins. Co. v. Chatham County*, 547 U.S. 189, 193-94, 126 S. Ct. 1689, 164 L. Ed. 2d 367 (2005).

RLUIPA allegations against Gregg County and the Gregg County Officials in their individual capacity.

III. Response to the Motion to Dismiss Individual Capacity Claims Under RLUIPA

Plaintiff concedes dismissal of the individual capacity claims under RLUIPA. However, Plaintiff maintains the individual capacity claims against the Gregg County Officials, as they deprived Plaintiff of his constitutional rights under the First Amendment of the U.S. Constitution. Here, Gregg County signed a contract with the United States Department of Justice agreeing to abide by RLUIPA requirements and the Federal Performance-Based Detention Standards Handbook, a set of standards necessary for all federally-utilized facilities to abide by.[5]

The Fifth Circuit held, in *Udey v. Kastner*, that the Plaintiff's First Amendment, when balanced with the government's interest, resulted in an undue burden on the prison system.[6] Consequently, the Fifth Circuit denied the Plaintiff's request for a "diet consistent with his sincerely held religious beliefs." *Udey* is a stark contrast to this case. Here, there was no undue burden placed on Gregg County. This is not merely conjecture; the contract between Gregg County and the United States Department of Justice attests to this via the incorporation of RLUIPA requirements and the Federal Performance-Based Detention Standards Handbook. Because Gregg County cannot claim undue burden, it becomes clear that Gregg County refused to allow the Plaintiff to participate in Ramadan because of animosity towards his sincerely held religious beliefs.

---

[5] <u>Federal Performance-Based Detention Standards Handbook</u>, US Dept. of Justice, 1 (Fed. 23, 2011).
[6] *Udey v. Kastner*, 805 F.2d 1218, 1219-20 (5th Cir. 1986).

RESPONSE TO MOTION TO DISMISS

IV. Response to the Mootness Argument

Plaintiff was placed at the Gregg County Jail pursuant to a contract between Gregg County and the United States Department of Justice.[7] This contract necessarily incorporates RLUIPA requirements and the standards set out in the Federal Performance-Based Detention Standards Handbook. Standard D.3.1 expressly requires that "the Facility Director provides for special diets…for those detainees whose religious beliefs require adherence to religious dietary laws," and standard D.3.1 requires that "written policies and procedures exist for providing…a reasonable opportunity for detainees who request a diet to observe their religious dietary practice (religious fasts, seasonal observances, Ramadan, or Passover)."[8] Gregg County and its officials, by unreasonably disallowing Plaintiff to observe Ramadan, have failed to live up to the terms of their contract. The severity of Gregg County and its official's violation results in a material breach of the contract.

Defendants cannot dismiss Plaintiff's equitable relief claims as moot just because Plaintiff is no longer incarcerated in the Gregg County Jail. Plaintiff, as a third-party beneficiary of the contract, may sue Gregg County and its officials seeking cancellation of the contract between Gregg County and the United States Department of Justice, an equitable remedy for a breach of contract claim. Consequently, there are no mootness issues.

Additionally, Plaintiff asserts that all equitable relief under RLUIPA is not rendered moot by his transfer to another facility. For example, Plaintiff may continue to assert equitable relief to expunge the negative entries on his prison record stemming from disciplinary action while he

---

[7] Plaintiff has also filed suit against the United States Marshall Service and United Sates Department of Justice.
[8] Federal Performance-Based Detention Standards Handbook, US Dept. of Justice, 51 (Fed. 23, 2011).

attempted to fast.[9] Even in *Sossamon*, the Fifth Circuit took into consideration the equitable relief claims of the Plaintiff.[10] Furthermore, as Ramadan is once a year and a prisoner is typically removed from a county jail after one year, it would be impossible for a federal prisoner to assert a claim for equitable relief against the county and its officials after his administrative remedies have been exhausted or before his transfer to another facility. Therefore, the Plaintiff continues to assert his claim for equitable relief.

Respectfully submitted this 1st day of June, 2015.

/s/ Charles D. Swift
Charles D. Swift
Attorney for Plaintiff
TX State Bar No. 24091964
833 – E. Arapaho Rd., Ste. 102
Richardson, TX 75081
Tel: (972) 914-2507
Fax: (972) 692-7454
cswift@clcma.org

---

[9] *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (examining equitable relief claim for expungement of disciplinary reports).
[10] *Sossaman v. Lone Star State of Texas*, 560 F.3d 316, 331-35 (5th Cir. 2009).

RESPONSE TO MOTION TO DISMISS
5

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the Response to Motion to Dismiss was electronically filed and served on the Court's electronic Filing system:

DATED this 1st day of June, 2015.

                                                       */s/ Charles D. Swift*
                                                       Charles D. Swift
                                                       Attorney for Plaintiff
                                                       TX State Bar No. 24091964
                                                       833 – E. Arapaho Rd., Ste. 102
                                                       Richardson, TX 75081
                                                       Tel: (972) 914-2507
                                                       Fax: (972) 692-7454
                                                       cswift@clcma.org