## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| MOHAMED M. YAHYA, INMATE #114240, § <br> an individual, §<br>    Plaintiff, §<br> §<br> §<br> v. §<br> §<br> MAXEY CERLIANO, CHUCK WILLEFORD§<br> DOUG MORGAN, FLOYD WINGO, JEFF §<br> CALLAWAY, and DEPUTY RUSSELL, §<br> individually and in their official capacity,§<br> and GREGG COUNTY, a county entity §<br> and political subdivision of the State of §<br> Texas, §<br> §<br> UNITED STATES MARSHALL SERVICE, §<br> UNITED STATES DEPARTMENT OF §<br> JUSTICE, a Federal Agency and political§<br> subdivision of the US Federal §<br> Government, §<br>    Defendants. § | CIVIL ACTION NO. 6:15-cv-00220-MHS-KNM |

## DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway, Victoria Russell and Gregg County, Texas, Defendants in the aforementioned action, and file this their Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and would respectfully show unto the Court that Defendants have filed their Partial Motion to Dismiss; however, subject to the Court's ruling on said Rule 12 Motion, the Defendants file their Amended Answer, and in support thereof, would show unto the Court as follows:

# I.
# ANSWER

1.    Defendants admit that Plaintiff has filed this civil action as averred in Paragraph 1.1 of the Amended Complaint, but deny that Plaintiff's claims are proper or cognizable under federal law and deny that Plaintiff is entitled to any relief as a result of his claims.

2.    Defendants admit that venue is proper in this Court as averred in Paragraph 1.2 of Plaintiff's Amended Complaint.

3.    Defendants admit that Plaintiff, Mohammad Moosa Yahya, was an inmate at the Gregg County jail as averred in Paragraph 2.1 of Plaintiff's Amended Complaint; however, Defendants deny that Plaintiff is currently an inmate at the Gregg County Jail.

4.    Defendants admit that Maxey Cerliano is the Sheriff of Gregg County.  Defendants deny the remaining averments contained in Paragraph 3.1 of Plaintiff's Amended Complaint.

5.    Defendants admit that Chuck Willeford is the Chief Deputy of the Gregg County Sheriff's Department.  Defendants deny the remaining averments contained in Paragraph 3.2 of Plaintiff's Amended Complaint.

6.    Defendants admit that Doug Morgan is a Captain in the Gregg County Sheriff's Department and Jail Administrator.  Defendants deny the remaining averments contained in Paragraph 3.3 of Plaintiff's Amended Complaint.

7.    Defendants admit that Floyd Wingo is the North Jail Facility Administrator for the Gregg County Sheriff's Department.  Defendants deny the remaining averments

contained in Paragraph 3.4 of Plaintiff's Amended Complaint.

8.      Defendants admit that Jeff Callaway is a Lieutenant in the Gregg County Sheriff's Department and South Jail Facility Administrator.  Defendants deny the remaining averments contained in Paragraph 3.5 of Plaintiff's Amended Complaint.

9.      Defendants admit that Deputy Victoria Russell is a Deputy in the Gregg County Sheriff's Department. Defendants deny the remaining averments contained in Paragraph 3.6 of Plaintiff's Amended Complaint.

10.     Defendants are without sufficient knowledge to admit or deny the averments contained in Paragraph 3.7 of Plaintiff's Amended Complaint.

11.     Defendants admit that they are being sued in their individual and official capacities as averred in Paragraph 3.8 of Plaintiff's Amended Complaint, but deny Plaintiff's claims are proper or cognizable under federal law and deny that Plaintiff is entitled to any relief as a result of his claims.

12.     Defendants admit that Gregg County is a political subdivision of the State of Texas. Defendants deny the remaining averments contained in  Paragraph 3.9 of Plaintiff's Amended Complaint.

13.     Defendants are without sufficient knowledge to admit or deny the averments contained in Paragraph 3.10 of Plaintiff's Amended Complaint.

14.     Defendants deny the averments contained in Paragraph 3.11 of Plaintiff's Amended Complaint.

15.     Defendants deny the averments contained in Paragraph 4.1 of Plaintiff's Amended Complaint.

16.     Defendants deny the averments contained in Paragraph 4.2 of Plaintiff's Amended Complaint.

17.     Defendants deny the averments contained in Paragraph 4.3 of Plaintiff's Amended Complaint.

18.     Defendants deny the averments contained in Paragraph 4.4 of Plaintiff's Amended Complaint.

19.     Defendants deny the averments contained in Paragraph 4.5 of Plaintiff's Amended Complaint.

20.     Defendants deny the averments contained in Paragraph 4.6 of Plaintiff's Amended Complaint.

21.     Defendants deny the averments contained in Paragraph 4.7 of Plaintiff's Amended Complaint.

22.     Defendants deny the averments contained in Paragraph 4.8 of Plaintiff's Amended Complaint.

23.     Defendants deny the averments contained in Paragraph 4.9 of Plaintiff's Amended Complaint.

24.     Defendants deny the averments contained in Paragraph 4.10 of Plaintiff's Amended Complaint.

25.     Defendants deny the averments contained in Paragraph 4.11 of Plaintiff's Amended Complaint.

26.     Defendants deny the averments contained in Paragraph 4.12 of Plaintiff's Amended Complaint.

27.   Defendants admit that Plaintiff re-alleges the averments made previously in the Complaint as averred in Paragraph 5.1 of Plaintiff's Amended Complaint, but deny such averments and deny that Plaintiff is entitled to any relief whatsoever as a result of his claims.

28.   Defendants deny the averments contained in Paragraph 5.2 of Plaintiff's Amended Complaint.

29.   Defendants deny the averments contained in Paragraph 5.3 of Plaintiff's Amended Complaint.

30.   Defendants deny the averments contained in Paragraph 5.4 of Plaintiff's Amended Complaint.

31.   Defendants deny the averments contained in Paragraph 5.5 of Plaintiff's Amended Complaint.

32.   Defendants deny the averments contained in Paragraph 5.6 of Plaintiff's Amended Complaint.

33.   Defendants admit that Plaintiff re-alleges the averments made previously in the Complaint as averred in Paragraph 6.1 of Plaintiff's Amended Complaint, but deny such averments and deny that Plaintiff is entitled to any relief whatsoever as a result of his claims.

34.   Defendants deny the averments contained in Paragraph 6.2 of Plaintiff's Amended Complaint.

35.   Defendants deny the averments contained in Paragraph 6.3 of Plaintiff's Amended Complaint.

36.   Defendants admit that Plaintiff seeks the relief prayed for in Paragraphs 7.1 through 7.8 of Plaintiff's Amended Complaint, but deny that Plaintiff's claims are proper, viable or cognizable and deny that Plaintiff is entitled to any relief whatsoever as a result of his claims.

## II.
## AFFIRMATIVE DEFENSES

1.   Gregg County, Texas asserts that it has sovereign immunity from suit based on the 11th Amendment to the United States Constitution, and further asserts that it can only be held liable in accordance with the requirements of *Monell* and its progeny.

2.   Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell, to the extent they are sued in their official capacities, are entitled to sovereign immunity from suit based on the 11th Amendment to the United States Constitution, and further assert that they can only be held liable in accordance with the requirements of *Monell* and its progeny.

3.   Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell, to the extent they are sued in their individual capacities, are entitled to the defense of qualified immunity from Plaintiff's federal claims in that they were performing discretionary duties, in good faith, within the course and scope of their office and employment.  Furthermore, they did not violate clearly established constitutional or statutory rights of which a reasonable person would have known.

4.   Gregg County, Texas and Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell, to the extent they are

sued in their official capacities, are not subject to punitive or exemplary damages as a matter of law.

5.      Gregg County, Texas and Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell, assert that Plaintiff's claims for money damages under the Religious Land Use and Institutionalized Persons Act are barred as a matter of law.

6.      Gregg County, Texas and Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell, assert that Plaintiff's claims for equitable relief under the Religious Land Use and Institutionalized Persons Act are moot.

7.      Gregg County, Texas and Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell assert that Plaintiff was the sole proximate cause of his injuries, if any.

8.      Gregg County, Texas and Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell assert that Plaintiff has failed to mitigate his damages, if any.

9.      Gregg County, Texas and Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell assert that Plaintiff fails to state a claim for which relief can be granted.

10.     Gregg County, Texas and Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell assert that Plaintiff has failed to provide notice as required by applicable state and federal law.

11.     Gregg County, Texas and Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell assert that Plaintiff is barred from recovering any compensatory damages for mental or emotional injury since there is no showing of a physical injury pursuant to 42 U.S.C § 1997(e).

12.     Gregg County, Texas and Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell assert that Plaintiff's attorney's fees are limited by the provisions outlined in 42 U.S.C § 1997(d).

13.     Gregg County, Texas and Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell assert that they are entitled to reasonable costs, attorneys fees, and fees for expert witnesses pursuant to 42 U.S.C. § 1988 for defending themselves against Plaintiff's claims.

### III.
### JURY DEMAND

Gregg County, Texas and Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell respectfully request a jury in this case.

WHEREFORE, PREMISES CONSIDERED, Gregg County, Texas and Defendants Maxey Cerliano, Chuck Willeford, Doug Morgan, Floyd Wingo, Jeff Callaway and Victoria Russell respectfully request that Plaintiff take nothing pursuant to his Complaint, and request attorneys fees, costs of Court, and expert witness fees pursuant to 42 U.S.C. § 1988 and for any and all other relief, at law or in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

**FLOWERS DAVIS, P.L.L.C.**
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile

**ROBERT S. DAVIS**
State Bar No. 05544200
rsd@flowersdavis.com
Lead Attorney

**ATTORNEY FOR DEFENDANTS
MAXEY CERLIANO, CHUCK WILLEFORD,
DOUG MORGAN, FLOYD WINGO,
JEFF CALLAWAY, DEPUTY RUSSELL and
GREGG COUNTY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon all counsel

of record in the above entitled and numbered cause on June 5, 2015, in the following

manner:

   X    Via ECF

**Robert S. Davis**